UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD LELAND NEAL

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY,

    Defendant.

2:12-cv-1352-LRH-VCF

ORDER

Before the court are pro se plaintiff Richard Leland Neal's ("Neal") motions for default judgment against defendant the Bank of New York Mellon Trust Company ("Mellon"). Doc. ##8, 14. Defendant Mellon filed a counter-motion to set aside the clerk's entry of default (Doc. #6). Doc. #10.

**I.    Facts and Background**

Plaintiff Neal filed a complaint against defendant Mellon for quiet title. *See* Doc. #1. On August 28, 2012, the clerk of court entered a clerk's default against defendant Mellon. Doc. #6. Thereafter, Neal filed the present motions for a default judgment (Doc. ##8, 14) to which Mellon filed the present counter-motion to set aside default (Doc. #10).

**II.    Discussion**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c).

The court has reviewed the documents and pleadings on file in this matter and finds that good cause exists to set aside the clerk's entry of default. First, the court is suspicious of Neal's service of the summons and complaint in this action as Neal did not file proof of service in this action. Instead, Neal filed a declaration of service in his motion for entry of clerk's default which states that service was made on defendant Mellon in Tempe, Arizona, a city in which Mellon does not have a listed service agent. Second, Mellon intends to participate and defend itself in this action. *See* Doc. ##10, 11. Finally, the court notes that there is a strong policy in favor of resolution of disputes on the merits, rather than judgment by default. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Accordingly, the court shall deny Neal's motions for default judgment, grant Mellon's counter-motion, and set aside the clerk's entry of default.

IT IS THEREFORE ORDERED that plaintiff's motions for default judgment (Doc. ##8, 14) are DENIED.

IT IS FURTHER ORDERED that defendant's counter-motion to set aside the clerk's entry of default (Doc. #10) is GRANTED. The clerk's entry of default entered on August 28, 2012 (Doc. #6) is SET ASIDE.

IT IS SO ORDERED.

DATED this 6th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE