UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD LELAND NEAL ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BANK OF NEW YORK MELLON ) <br> TRUST COMPANY, ) <br> ) <br> Defendant. ) | 2:12-cv-1352-LRH-VCF <br><br> ORDER |

Before the court are pro se plaintiff Richard Leland Neal's ("Neal") motions for default judgment against defendant the Bank of New York Mellon Trust Company ("Mellon"). Doc. ##8, 14. Defendant Mellon filed a counter-motion to set aside the clerk's entry of default (Doc. #6). Doc. #10.

**I.   Facts and Background**

Plaintiff Neal filed a complaint against defendant Mellon for quiet title. *See* Doc. #1. On August 28, 2012, the clerk of court entered a clerk's default against defendant Mellon. Doc. #6. Thereafter, Neal filed the present motions for a default judgment (Doc. ##8, 14) to which Mellon filed the present counter-motion to set aside default (Doc. #10).

**II.   Discussion**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c).

1  The court has reviewed the documents and pleadings on file in this matter and finds that
2  good cause exists to set aside the clerk's entry of default. First, the court is suspicious of Neal's
3  service of the summons and complaint in this action as Neal did not file proof of service in this
4  action. Instead, Neal filed a declaration of service in his motion for entry of clerk's default which
5  states that service was made on defendant Mellon in Tempe, Arizona, a city in which Mellon does
6  not have a listed service agent. Second, Mellon intends to participate and defend itself in this
7  action. *See* Doc. ##10, 11. Finally, the court notes that there is a strong policy in favor of resolution
8  of disputes on the merits, rather than judgment by default. *See Ghazali v. Moran*, 46 F.3d 52, 53
9  (9th Cir. 1995). Accordingly, the court shall deny Neal's motions for default judgment, grant
10 Mellon's counter-motion, and set aside the clerk's entry of default.

12 IT IS THEREFORE ORDERED that plaintiff's motions for default judgment
13 (Doc. ##8, 14) are DENIED.
14 IT IS FURTHER ORDERED that defendant's counter-motion to set aside the clerk's entry
15 of default (Doc. #10) is GRANTED. The clerk's entry of default entered on August 28, 2012
16 (Doc. #6) is SET ASIDE.
17 IT IS SO ORDERED.
18 DATED this 6th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE