UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD LELAND NEAL

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY,

    Defendant.

2:12-cv-1352-LRH-VCF

ORDER

    Before the court are defendant Silver Liege Development LLC's ("Silver Liege") motion to dismiss (Doc. #30[1]) and defendant the Bank of New York Mellon Trust Company's ("Mellon") (collectively "defendants") renewed motion to dismiss (Doc. #32). Pro se plaintiff Richard Leland Neal ("Neal") filed oppositions (Doc. ##35, 37) to which defendants replied (Doc. ##36, 39).

**I.   Facts and Background**

    On July 31, 2012, pro se plaintiff Neal filed a complaint against defendant Mellon for quiet title over real property. *See* Doc. #1. In response, Mellon filed a motion to dismiss (Doc. #11) which was granted by the court (Doc. #28). However, because Neal was representing himself pro se, the court granted him leave to file an amended complaint. *See* Doc. #28.

    On January 16, 2013, Neal filed an amended complaint against defendants alleging two causes of action: (1) declaratory relief; and (2) quiet title. Doc. #29. Thereafter, defendants filed the

---

[1] Refers to the court's docket number.

present motions to dismiss. Doc. ##30, 32.

## II.      Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual

allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.   Discussion**

Defendants move to dismiss this action on the basis that pro se plaintiff Neal does not have standing to challenge the underlying non-judicial foreclosure of the property formerly securing the mortgage loan of non-party Teresa Lopez ("Lopez"). *See* Doc. #32.

The court has reviewed the documents and pleadings on file in this matter and agrees that pro se plaintiff Neal does not have standing to challenge the underlying non-judicial foreclosure or Lopez's mortgage agreement. The amended complaint is replete with allegations and claims asserted on behalf of Lopez regarding her loan and her void recorded instruments, and seeks relief on her behalf even though Neil has no interest in the property. Further, Neil was not a party to, and therefore cannot challenge, Lopez's loan contract and its securitization, the assignments and agreements between other parties, or the non-judicial foreclosure of Lopez's defaulted loan. Therefore, the court finds that Neal does not have standing to bring this action and the court shall grant defendants' motions accordingly.

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##30, 32) are GRANTED. This action, 2:12-cv-1352-LRH-VCF is DISMISSED in its entirety.

IT IS FURTHER ORDERED that pro se plaintiff's motion to vacate reply (Doc. #40) and motion to vacate response (Doc. #42) are DENIED.

IT IS SO ORDERED.

DATED this 28th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE